IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY HOGENKAMP,

                     Petitioner,                    OPINION AND ORDER

    v.

                                                   23-cv-460-wmc

UNITED STATES OF AMERICA,                  21-cr-108-wmc

                     Respondent.

---

Jeremy Hogenkamp is a federal prisoner who was charged by a grand jury in this district with possessing child pornography. Hogenkamp entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which he agreed to plead guilty to the charges against him and the parties agreed to a sentence of at least 150 months' imprisonment. Consistent with that agreement, the court sentenced Hogenkamp to 150 months in prison. The court also imposed a 25-year term of supervised release and granted the government's unopposed motion directing Hogenkamp to pay restitution to identified victims pursuant to 18 U.S.C. § 3664(f)(3)(B).

Now before the court is Hogenkamp's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, contending that he was denied effective assistance of counsel. (Dkt. #1.) Hogenkamp also seeks discovery of victim impact statements (dkt. #9) and appointment of counsel (dkt. #6). While a prisoner in federal custody may move for relief under § 2255(a) on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States," *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017), under Rule 4 of the Rules Governing Section 2255 Cases, the court must

deny relief if it appears plain on the face of the motion, any attached exhibits, and the record of past proceedings that the moving party is not entitled to relief. In this case, Hogenkamp contends in ten, overlapping arguments that he was convicted in violation of his Sixth Amendment right to effective assistance of counsel. However, as set forth below, his claims plainly lack merit and the court must deny all of his motions.[1] For the same reason, the court will not issue a certificate of appealability.

BACKGROUND

Hogenkamp was charged in a one-count indictment with knowingly possessing visual depictions of pornography in the form of minors engaging in sexually explicit conduct found on his Lenovo laptop, which had been produced using materials shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. §§ 2252(a)(4)(B). Further, at least one of the depictions allegedly involved a prepubescent minor or a minor who had not attained 12 years of age in violation of § 2252(b)(2), meaning Hogenkamp faced a statutory mandatory minimum sentence of 10 years in prison and a maximum sentence of 20 years' imprisonment. Moreover, Hogenkamp himself also presents e-mail correspondence regarding the plea negotiation, which indicates that he actually faced a statutory mandatory minimum sentence of *15* years under 18 U.S.C. § 2252(b)(1), due to his previous conviction in this court of distributing child pornography, which had resulted in a sentence of 120 months' imprisonment followed by a 25-year term of

---

[1] Hogenkamp has also recently filed a request for a writ of mandamus. (Dkt. #13.) However, the court may not rule on that request, which is addressed to the United States Court of Appeals for the Seventh Circuit.

supervised release in *United States v. Hogenkamp*, in Case No. 11-cr-131-wmc (W.D. Wis. Dec. 10, 2012). Thus, although the indictment charged Hogenkamp under § 2252(b)(2), which has a 10-year statutory mandatory minimum, the government could have but did not seek a superseding indictment. Instead, the agreed upon sentence in the parties' plea agreement in Case No. 21-cr-108 was imprisonment for 150 months, running *concurrently* with the sentence that would be imposed upon the revocation of his supervised release in the prior case.

At the plea hearing held on March 8, 2022, the prosecutor advised the court that Hogenkamp was facing a minimum of 10 years and a maximum of 20 years in prison, plus possible additional time upon revocation of his supervised release in Case No. 11-cr-131-wmc. During the plea hearing, Hogenkamp stated that he wished to enter a plea of guilty. When questioned by the court during the plea colloquy under Federal Rule of Criminal Procedure 11, Hogenkamp acknowledged that he understood the charges against him and the range of punishment that applied. Hogenkamp also confirmed that he was knowingly waiving a number of valuable constitutional and statutory rights by pleading guilty, which were outlined in the plea agreement and reviewed in open court. The basic terms of the plea agreement were also described on the record during the hearing, which terms Hogenkamp agreed were consistent with his understanding.

In open court and in the written plea agreement, Hogencamp also admitted that he was guilty of the charged offense and that he possessed sexually explicit images of children as charged in the indictment. He further stipulated that the following facts were true and,

3

if the case proceeded to trial, defendant's counsel and he both agreed that the government would be able to prove these facts beyond a reasonable doubt:

> In September 2021, the LaCrosse Police Department received a Cybertip regarding images uploaded into a Google Cloud account. Based on the information provided in the Cybertip, a search warrant was obtained for the defendant's home.
>
> Agents executed a search warrant at the defendant's home on October 6, 2021, and found two flip phones in the house. The defendant denied any knowledge of the google account or child pornography and was not arrested or detained.
>
> A short time later, the police dispatch center received an anonymous call that the defendant had a laptop at his place of employment. Law enforcement went to the defendant's workplace, searched his desk and his car, found nothing, and left. A short time after that, they received another anonymous call saying they did not look in the right spot. Officers went back to the defendant's workplace and found a black tote near [the defendant's] work area. The defendant consented for the officers to look in the tote, where they found a laptop and a cell phone. The defendant admitted there would be "bad stuff with kids" on the laptop.
>
>> LaCrosse Police Department Andy Rosenow got a warrant for the laptop, made by [] Lenovo, and found thousands of images and videos depicting minors engaged in sexually explicit conduct, including the following:
>>
>> a. A file ending in avum.jpg depicting a prepubescent child holding an adult's erect penis with one hand. The child has the tip of the penis in its mouth and there appears to be ejaculate around the child's mouth and chin.
>>
>> b. A file ending in d9_2.jpg depicting a female toddler holding an adult's erect penis with both hands. She has her mouth on the tip of the penis.
>>
>> c. A file ending in 5g_5.jpg depicting a naked prepubescent girl, laying on her back with her legs spread apart, exposing her vagina and buttocks area. There appears to be ejaculate all over the child's vaginal area and on her ribcage area.
>
> Finally, there would have been testimony that the Lenovo computer was not made in Wisconsin and the government would ask the Court to take judicial notice that LaCrosse is in the Western District of Wisconsin.

(Plea Agreement in No. 21-cr-108-wmc (dkt. #14) ¶ 7.)[2]

Ultimately, the court accepted Hogenkamp's guilty plea, finding that it was entered "knowingly and voluntarily, after adequate opportunity to consult with counsel and with an understanding of both the charge against [him] and the consequences of a plea of guilty." Based on those findings, the court further found Hogenkamp guilty as charged. On June 30, 2022, the court then sentenced defendant to the agreed upon 150 months in prison, followed by a 25-year term of supervised release. The court also revoked Hogenkamp's supervised release in Case No. 11-cr-131-wmc, and as bound by the parties' plea agreement, imposed a concurrent term of 10 months' imprisonment for violating the terms and conditions of his release by committing a new crime. During a separate proceeding, the court also granted the government's unopposed motion for an order of restitution to the identified victims in Case No. 21-cr-108-wmc and directed Hogenkamp to make minimum payments of $100.00 per month beginning upon his release from custody and depending upon his economic circumstances at that time.

OPINION

Hogenkamp claims that he was denied effective assistance of counsel in connection with his conviction in Case No. 21-cr-108-wmc, having been represented initially by Assistant Federal Public Defender Kelly Welsh, who negotiated the plea agreement on his

---

[2] In addition, Hogenkamp acknowledged in the written plea agreement that he had read the agreement, carefully reviewed it with his attorney, and understood and voluntarily accepted its terms.

behalf, and later replaced by Assistant Federal Public Defender Joseph Bugni, who represented Hogenkamp during the plea hearing and ensuing sentencing proceedings. Although both were experienced and respected criminal defense lawyers at the time, Hogenkamp nevertheless contends that his defense counsel failed to: (1) review with him the elements of the single count alleged in the indictment or any of the discovery associated with the case; (2) advise him correctly about whether he had standing to file a motion to suppress based on the warrantless search of his workplace; (3) file a motion to suppress based on the warrantless search of his workplace; (4) negotiate a better plea agreement, instead of advising him to sign a "binding above guideline plea agreement" and "waiving his significant rights" for no benefit; (5) consult with him about the charge, the evidence, and the Sentencing Guideline range before deciding to enter a guilty plea or go to trial; (6) review the plea agreement with him before the plea hearing; (7) make all the victim impact statements available to him before sentencing; (8) object or oppose the government's motion for restitution as barred by the plea agreement; and (9) explain his right to appeal. Finally, Hogenkamp argues that the "cumulative effect" of these errors resulted in an unreasonable waiver of his rights.

A defendant who enters an unconditional guilty plea "waives all nonjurisdictional defects arising before his plea, including Fourth Amendment claims." *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (if "defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged … he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty

plea"). Further, a defendant who pleads guilty, like Hogenkamp, can ordinarily challenge a conviction only by showing that the plea was unknowing or involuntary. *United States v. Broce*, 488 U.S. 563, 574 (1989); *see also Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (a guilty plea is constitutionally valid "if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences") (citation omitted). Finally, "the voluntariness and intelligence of a guilty plea can be attacked on collateral view only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998).

Here, Hogenkamp not only knowingly and voluntarily entered his guilty plea, but agreed not to pursue an appeal and, indeed, expressly waived that right in his written plea agreement. When the defendant has knowingly and voluntarily waived his appellate rights in a plea agreement, and the terms of that waiver are express and unambiguous, that waiver will be enforced. *United States v. Smith*, 759 F.3d 702, 706-07 (7th Cir. 2014). Moreover, Hogenkamp not only expressly and unambiguously waived his right "to appeal his conviction," but also waived his right to appeal "any sentence of imprisonment of 150 months or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed." (Plea Agreement in No. 21-cr-108-wmc (dkt. #14) ¶ 6.) Because the court was bound to and did sentence Hogenkamp to a 150-month term of imprisonment consistent with the plea agreement, he lost any right to appeal *unless* he could successfully challenge the validity of his plea itself. Thus, Hogenkamp collaterally attacks the validity of his plea by claiming in

7

one or more of his overlapping grounds for relief that he was denied effective assistance of counsel in connection with the negotiation of the plea agreement, including waived rights.

To succeed on a claim of ineffective assistance of counsel, a defendant must show *both* that counsel's performance was deficient *and* that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). More specifically, to satisfy *Strickland* in the context of a guilty plea, a defendant must show that his counsel's advice regarding the plea was objectively unreasonable *and* that there is "a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 582 U.S. 357, 364-65 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Further, to make such a showing, a defendant must present *objective evidence* that he would not have entered a guilty plea; merely asserting that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010).

Having committed the charged offense just over *one month* after his release to supervision following an earlier conviction and prison sentence for distribution of child pornography, Hogenkamp cannot credibly allege facts showing that his counsel's advice regarding the plea of guilty or the terms of the negotiated plea agreement was objectively unreasonable. More importantly, Hogenkamp does not even allege, much less present, any objective evidence showing that he would not have entered a guilty plea or insisted on a trial, but for his counsel's advice. Such a showing also seems highly unlikely given the evidence available to the government, beginning with Hogenkamp agreeing to the truth of a series of facts provable beyond a reasonable doubt, including that he consented to the

search of his workplace, where his Lenovo laptop with over a thousand sexually explicit images of children was found. During the plea hearing, Hogenkamp also confirmed that he understood the charge against him, as well as the statutory punishment range, and admitted that he possessed sexually explicit images of children. The court has also considered the terms of Hogenkamp's plea agreement and testimony under oath during the Rule 11 plea colloquy, finding that his guilty plea was knowingly and voluntarily made after an adequate opportunity to consult with counsel.

Moreover, representations made by a criminal defendant, his lawyer, *and* the prosecutor during a plea hearing, as well as findings made by the court accepting the plea, "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Specifically, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Absent specific allegations undermining the voluntariness of his plea, a defendant is also typically bound by his answers given under oath during his Rule 11 plea colloquy. *Bontkowski v. United States*, 850 F.2d 306, 314 (7th Cir. 1988); *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986).

Regardless, Hogenkamp's claims that his counsel failed to consult with him about the charges, the content of the plea agreement, or the consequences of his plea are directly contradicted by the record. *See Blackledge*, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Hogenkamp's claims that he did not consent to the search of his workplace, *or* that his counsel should have filed

9

a motion to suppress the laptop, are similarly unsupported by evidence.[3] Hogenkamp does not otherwise cite any caselaw establishing that the search of his workplace was invalid and does not show that a motion to suppress would have been successful.

Additionally, Hogenkamp does not show that the prison sentence agreed upon in the parties' plea agreement, which factored in the concurrent term of imprisonment he would receive upon the revocation of his supervised release in Case No. 11-cr-131-wmc, was excessive in light of his prior conviction. 18 U.S.C. § 2252(b)(1). Moreover, the plea agreement expressly contemplated restitution to identified victims and Hogenkamp identifies no meritorious objection his counsel could have made in response to the government's motion. Although Hogenkamp has requested discovery of the victim impact statements that he claims were not provided to him for his review before sentencing, he does not explain how any of those documents would support a viable claim.[4]

Accordingly, none of Hogenkamp's other allegations establish that his counsel's performance was deficient, and even assuming that it was, Hogenkamp has wholly failed to demonstrate the requisite prejudice for purposes of *Strickland*. Because the record

---

[3] To the contrary, the evidence that Hogenkamp provides, including an incident report and an affidavit from one of the investigating officers, states that Hogenkamp consented to the search of black totes located by his workbench where the Lenovo laptop was recovered. (Rosenow Affidavit (dkt. #9-3) ¶ 14; Incident Report (dkt. #9-13) at 43, 47.)

[4] Rule 6(a) of the 2255 Rules allows discovery under the Federal Rules of Criminal Procedure or Civil Procedure only *after* the court determines that there is "good cause." Because Hogenkamp has not demonstrated good cause for any of the records he seeks, the request for discovery of the victim impact statements -- which are a part of the court record -- is denied, as is Hogenkamp's motion for appointment of counsel.

conclusively establishes that Hogenkamp has no meritorious grounds for relief, his motion to vacate under 28 U.S.C. § 2255 must be denied.

Finally, because Hogenkamp seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. The court may issue a certificate of appealability only if Hogenkamp makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court has denied Hogenkamp's claims on the merits, he "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Specifically, Hogenkamp has not shown that reasonable jurists would debate whether he is entitled to relief, so the court will deny a certificate of appealability. Of course, Hogenkamp may still seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. Jeremy Hogenkamp's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (dkt. #1); motion for appointment of counsel (dkt. #6); and motion for discovery (dkt. #9) are DENIED.

2. No certificate of appealability will issue.

3. The clerk of court is directed to close this case.

Entered this 18th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11